UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE JEREMIAH, et al., | No. 2:18-cv-00522-TLN-KJN |
| Plaintiffs, | |
| v. | **ORDER GRANTING A PRELIMINARY INJUNCTION** |
| SUTTER COUNTY, and CITY OF YUBA CITY, | |
| Defendants. | |

This matter is before the Court on the Court's Order to Show Cause as to why a preliminary injunction should not issue. (ECF No. 17.) Plaintiffs Joyce Jeremiah, Betty Lane, Pauline Flack, Sarah Juarez, Beth Martin, Robert McMullen II, Ria Hagan, Andrew Blackburn, Michael Rose, and Barton Shafer (collectively "Plaintiffs") filed an *ex parte* application for a temporary restraining order ("TRO"). (ECF No. 14.) In granting the TRO, the Court ordered Defendant Sutter County ("the County")[1] to show cause as to why a preliminary injunction should not issue for the duration of the lawsuit based on the Court's findings in the TRO. (ECF No. 17 at 9.) Defendant filed a response on March 22, 2018. (ECF No. 18.) Plaintiffs filed a reply on March 29, 2018, discussing arguments raised by Defendants. (ECF No. 20.)

///

---

[1] Plaintiffs did not seek a temporary restraining order against Defendant City of Yuba.

1

**I.   BACKGROUND**

On March 9, 2018, Plaintiffs moved *ex parte* for a temporary restraining order to enjoin Sutter County from enforcing Sutter County Ordinance Code Sections 475-010 to 475-050 ("the Ordinance").  (ECF No. 14.)  Based on the evidence Plaintiffs presented, the Court found Plaintiffs at least presented serious questions as to their Fourteenth Amendment Deprivation of Due Process claim and State Created Danger claim.  (ECF No. 17 at 6–7.)  The Court found irreparable harm would result in the absence of an injunction and that the balance of equities and public interest weighed in favor of an injunction.  (ECF No. 17 at 7–8.)  Accordingly, the Court issued a temporary restraining order prohibiting the County from attempting to enforce the Ordinance and seizing property belonging to homeless persons in the County until 5 p.m. on Thursday, April 5, 2018.  (ECF No. 17 at 9.)

The Court ordered the County to respond in writing by March 22, 2018, as to why a preliminary injunction should not issue.  (ECF No. 17 at 9.)  The County filed a timely response expending only 2 two pages on the issue.  (ECF No. 18.)

**II.   STANDARD OF LAW**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted).  In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply.  *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005).

Preliminary injunction is not automatically denied simply because the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits...so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiffs must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

### III.   ANALYSIS

The County does not attack the merits of the claims or address any of the four *Winter*'s factors in an attempt to show that a preliminary injunction should not issue. (*See* ECF No. 18.) Instead, the County challenged the breadth of the Order, but otherwise did not present any contradicting evidence to Plaintiffs' representations. It is common practice in the Eastern District that a TRO, if granted, is converted into a motion for a preliminary injunction. Consequently, the Court issued an Order to Show Cause as to why a preliminary injunction should not issue as a result of the TRO. This is designed to prompt the County to file an opposition to what is essentially a converted motion for preliminary injunction.[2] The Court's Order clearly sought an opposition to the merits of the TRO in order to determine if a preliminary injunction should issue.

---

[2] This does not remove the burden from Plaintiffs to show why the *Winter*'s factors are met.

1  Seemingly due to the brevity of the County's response, Plaintiff's' question whether the County
2  understood this. (ECF No. 20 at 4 n.2) Plaintiffs offer a footnote to this affect, which frankly
3  raises more questions than it answers. Simply put, this Court can only speculate as to the reasons
4  why the County did not provide a response to the merits of the *ex parte* motion for a TRO. Thus,
5  the Court carefully considered the matter in connection with the TRO and for the reasons set forth
6  in the TRO finds that a showing was made as to the four *Winter*'s factors. Nothing in the
7  County's submission calls the analysis into question. However, out of an abundance of caution
8  and due to the concerns raised by Plaintiffs' footnote, the County may make an appropriate filing
9  within fourteen (14) days seeking reconsideration of this order.[3] The Court now turns to a
10 discussion of the concerns raised by the County in its response.

11     The County asserts the temporary restraining order as written is overbroad. (ECF No. 18
12 at 1.) The County argues sections 475-010 (the purpose of the ordinance), 475-020 (the
13 definitions), 475-040 (proper use of Live Oak Park), 475-050 (transitional homeless
14 encampments), and 475-030 (the portion relating to private land use), are all unnecessarily
15 enjoined. (ECF No. 18 at 1–2.) Additionally, the County asserts the language prohibiting the
16 seizure of homeless persons' property in Sutter County does not take into account the potential
17 for reasonable seizures in connection with other laws and codes and is applied too broadly to
18 more than just the named Plaintiffs. (ECF No. 18 at 2.) The Court will discuss each argument in
19 turn.

20             A. <u>Code Sections Enjoined</u>

21     The County argues the TRO is not sufficiently narrow because it enjoins sections of the
22 Ordinance unrelated to the alleged harm. (ECF No. 18 at 2.) Plaintiffs contend the provisions of
23 the Ordinance function together for a single purpose — including the Oak Park provision and
24 private land use provision — and should all be enjoined. (ECF No. 20 at 5–6.) However,
25 Plaintiffs "welcome a solution from Sutter County in providing housing," and thus agree the
26 provision providing for a temporary homeless facility need not be enjoined. (ECF No. 20 at 6.)

---

[3] To avoid any confusion, if the County intends to address the four *Winter*'s factors, the Court would consider these de novo and the burden would remain with Plaintiffs to show that the factors are met.

4

First, Plaintiffs undermine their own argument by asserting the Ordinance functions as a whole in rejecting the County's request to narrow the injunction and simultaneously agreeing to not enjoin the provision allowing for a temporary homeless shelter. Plaintiffs do not object to excluding the provision regarding temporary homeless shelters. Accordingly, the Court will exclude that provision from the injunction.

As to the County's remaining objections, Plaintiffs raise a variety of arguments as to the harm alleged, but the relief sought boils down to not seizing property under the Ordinance and not taking away the ability to sleep in the river bottoms and on private property with permission of the owner. (*See generally* ECF No. 14-1.) The Court cannot say that enjoining the purpose of the Ordinance or the Definitions necessarily goes to either one of the purported harms. Neither section has any effect on its own, but rather requires the Nuisance section (475-030) to have any impact. Additionally, the Court did not grant the injunction based on the alleged overbreadth of the definitions. For these reasons, the Court declines to enjoin these provisions.

As to the private property portion of provision 475-030, Plaintiff specifically sought to enjoin this provision because some of the Plaintiffs had been sleeping on private property and were similarly threatened with enforcement of the Ordinance. (*See* ECF No. 14-11 ¶ 5; ECF No. 14-12 ¶¶ 11–13.) Thus, the County's contention that this harm is not alleged is simply incorrect.

However, the County is correct that Plaintiffs do not allege any harm from the provision of camping at Live Oak Park — 475-040. In fact, Live Oak Park is not mentioned anywhere in Plaintiffs' complaint, motion for temporary restraining order, or declarations. As Plaintiffs proffer no evidence of any alleged harm arising from provision 475-040, the Court cannot say it is proper to enjoin that provision of the Ordinance. For the above stated reasons, the Court will narrow the scope of the injunction to solely enjoin section 475-030.

B. <u>Seizure of Homeless Persons' Property</u>

The County asserts the TRO was not reasonably limited to Plaintiffs and enjoins potential lawful seizures under California Penal Code as well as other laws. (ECF No. 18 at 2.) Plaintiffs contend in their reply that a reasonable reading of the Order indicates that only seizures under the Ordinance are enjoined, but do not object to limiting language should the Court deem it

5

necessary. (ECF No. 20 at 6.) The Court finds limiting language is necessary to protect against lawful seizures of property under the California Penal Code and will so narrow the injunction below. As to the County's contention that the injunction is not reasonably limited to Plaintiffs, Plaintiffs addressed this argument in their *ex parte* motion for a TRO. The Court did not address it in the TRO order, but does so herein taking into account Plaintiffs' arguments from the motion.

The Court notes that Federal Rule of Civil Procedure 65(d) provides that an injunction or restraining order only binds: "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [the parties]." "While injunctive relief generally should be limited to apply only to named plaintiffs where there is no class certification, . . . an injunction is not necessarily made overbroad by extending benefit or protection to persons other than prevailing parties in the lawsuit — even if it is not a class action — if such breadth is necessary to give prevailing parties the relief to which they are entitled." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1501–02 (9th Cir. 1996) (citations and quotations omitted).

The Complaint alleges the County, through its agents, is seizing and destroying property without due process or any recourse to retrieve the property. (*See generally* ECF No. 1.) The relief sought is a permanent injunction preventing the implementation and enforcement of the Ordinance. (ECF No. 1 at 28.) Given the conditions of the homeless encampments and the estimated people living in the encampments, the Court finds it unlikely the County's enforcement of the Ordinance would assuredly prevent the inadvertent seizure of property belonging to named Plaintiffs. The Ordinance is enforced on a broad County basis and includes areas outside the river bottoms making it harder to assure that officials could be certain of whose property they are in fact seizing — Plaintiffs' or some other homeless persons'. As was the case in *Lavan*, where property was seized when no one was near it, it is possible that at times property is left unattended and impossible to identify to whom it belongs. *See Lavan*, 797 F. Supp. 2d at 1019. For these reasons, the Court finds it necessary to enjoin enforcement of the Ordinance against all homeless persons not just those named Plaintiffs in order to afford "the prevailing parties the relief to which they are entitled." *Id.* at 1502.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby issues a Preliminary Injunction. Defendant Sutter County, and all of its officers, agents, employees, and attorneys, and all persons acting under their direction and control, are hereby ENJOINED and RESTRAINED from:

1. Attempting to enforce Ordinance No. 1640, Sutter County Ordinance Code Section 475-030.
2. Attempting to seize and/or destroy property under the Ordinance that they know or reasonably should know belongs to homeless persons in Sutter County except as otherwise lawfully permitted under other code sections, including but not limited to the California Penal Code.

This order shall remain in effect until the conclusion of this lawsuit.

IT IS SO ORDERED.

Dated: April 5, 2018

Troy L. Nunley
United States District Judge